## STATE

v.

**Eugene A. MILLIKEN, Jr.**

No. 97–299–C.A.

Supreme Court of Rhode Island.

Feb. 12, 1998.

Aaron L. Weisman, Andrea J. Mendes, Providence.

Paula Rosin, Providence.

## ORDER

This case came before the court for oral argument January 21, 1998, pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The defendant Eugene A. Milliken, Jr. (Milliken or defendant) has appealed from a judgment of conviction of malicious destruction of property in violation of G.L.1956 § 11–44–1(a) which provides in pertinent part:

"Every person who shall willfully and maliciously or mischievously injury or destroy or * * * otherwise deface the property of another, or obstruct the use of the property of another, or obstruct another in the prosecution of his or her lawful business or pursuits * * * shall be guilty of a misdemeanor."

The complaining witness, Blaik Doucette (Doucette) testified that on July 4, 1996, she was staying overnight at the home of a friend on Block Island. She testified that her friend had been using Doucette's car and was supposed to leave it for her to pick up the following morning. When Doucette awakened she noticed that her car was in the parking lot of the Red Bird Package Store across the street from her friend's home. She went to the lot in order to move her car but found that the keys were not in the automobile where she had instructed her friend to place them. She then entered the package store to inquire whether her car keys might have been placed there. She was unable to obtain any information concerning her keys.

Upon leaving the store Doucette encountered Milliken who was apparently the manager of the package store. She asked him if he knew where her keys were located so that she could move the car. In response Milliken yelled and swore at Doucette and ordered her to move her car immediately. She attempted to explain that she was trying to find her keys so that she could move the car. The defendant told her that he would use a long thick chain that he was holding in his hand in order to drag her car into the street unless she moved it within five minutes.

In spite of frantic efforts to find the car keys, she was unable to do so and returned in ten minutes to find that her car had been dragged into the middle of the street where it was blocking traffic. She testified that the left-hand fender of her automobile had been pulled off and that a portion of the under carriage had also been pulled form the car. She stated at trial that her car had not been previously damaged. She also asserted that the chain which defendant had earlier displayed was attached to the back of defendant's van.

On the basis of this testimony and that of another witness who observed Doucette's vehicle being hooked up to defendant's van and soon thereafter heard a bang, the trial justice denied defendant's motion to dismiss the case

and found him guilty of the charge of malicious destruction of property.

The trial justice who decided the case in a jury-waived trial found that defendant willfully and maliciously damaged Doucette's property. He further held that this misdemeanor did not require proof of specific intent but only that the crime be willfully committed. *State v. Champa*, 494 A.2d 102, 105 (R.I.1985). In so holding the trial justice was correct and his findings of fact were amply supported by the evidence which constituted proof beyond a reasonable doubt even though such evidence was circumstantial.

We are of the opinion that the findings of the trial justice based upon the testimony and his credibility determinations met the deferential standard of review *State v. McKone*, 673 A.2d 1068, 1073 (R.I.1996). The trial justice did not overlook or misconceive relevant or material evidence nor was he otherwise clearly wrong.

Consequently the defendant's appeal is denied and dismissed. The judgment of conviction is affirmed.

BOURCIER, J., did not participate.